The document below is hereby signed.

Signed: March 11, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CORE COMMUNICATIONS INC., | ) | Case No. 17-00258 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MCI COMMUNICATIONS SERVICES, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 19-10003 |
| BERKSHIRE TELEPHONE | ) | |
| CORPORATION, *et al.*, | ) | **Not for publication in West's** |
| | ) | **Bankruptcy Reporter.** |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
RE MOTION TO DISMISS AMENDED COUNTERCLAIMS

MCI Communications Services, Inc. and Verizon Select Services Inc., the plaintiffs and counterclaim-defendants in this adversary proceeding, have filed a motion to dismiss the amended counterclaims of Core Communications, Inc. ("Core"), the defendant and counterclaim-plaintiff in this adversary proceeding and the debtor in the main bankruptcy case. The pertinent facts regarding each of the two plaintiffs are the same, and I will

refer to them collectively as "Verizon" and treat them as though they are a single entity.

In its *Amended Counterclaims* (Dkt. No. 38), Core, a local exchange carrier ("LEC") asserts counterclaims against Verizon, an interexchange carrier ("IXC"), to collect amounts that it billed for switched access services that Core allegedly provided to Verizon under its filed tariffs.  Counts I and II of the *Amended Counterclaims* allege that Verizon breached the express terms of Core's federal (Count I) and state (Count II) tariffs by failing to pay the tariffed rates that Core billed for those services.  Count III alleges a breach of contract arising from Verizon's alleged failure to pay for access services offered by Core, which Verizon has accepted and continued to use.  Count IV alleges that Verizon breached implied contracts with Core by failing to pay Core's invoices, and Court V alleges that Verizon was unjustly enriched by retaining the unpaid amounts. Finally, Count VI seeks declaratory relief as to Verizon's continuing failure to make payments under any of the legal theories raised in Counts I-V with respect to Verizon's past conduct.

Verizon has moved to dismiss all of the *Amended Counterclaims*.  I will grant Verizon's *Motion to Dismiss* as to Counts III, IV, and V, and as to Count VI to the extent it seeks declaratory relief as to ongoing injuries of a nature similar to Counts III, IV, and V, but will deny the motion as to Counts I

and II and as to Count VI to the extent it seeks declaratory relief as to ongoing breaches of tariff claims.

I

LEGAL STANDARD

The Federal Rules of Civil Procedure require that a plaintiff "give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint survives a motion to dismiss if it contains enough factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, "[i]n addressing a motion to dismiss, the court accepts the complaint's factual allegations as true." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). However, the court is not bound to accept an inference drawn by the plaintiff if the inference is not supported by the facts in the complaint. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations."). The court may consider "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *In re Wube*, Case No. 12-00577, 2013 WL 2109315, at *1 (Bankr. D.D.C. May 15, 2013) (quoting *Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

II

FEDERAL AND STATE TARIFF CLAIMS (COUNTS I AND II)

In Counts I and II of the *Amended Counterclaims*, Core pleads claims for breach of its federal and state tariffs. The elements of a breach of tariff claim are: (1) that the LEC operated under a filed tariff; (2) that the LEC provided services to a customer under that tariff; and (3) that the LEC billed the customer for services provided under its tariffs at rates listed in those same tariffs. *See Advamtel, LLC v. AT&T Corp.*, 118 F. Supp. 2d 680, 683-84 (E.D. Va. 2000). Verizon contends that Counts I and II must be dismissed because:

> Core seeks to recover charges for switched access services allegedly provided under Core's federal and state tariffs, but fails to allege that it provided any tariffed service to Verizon, and still less which services, or at what rate. Core alleges only that it provided "access services" and "switched access" to Verizon, but those are not tariffed services that Core actually could provide or for which Verizon could be required to pay.

In its opposition to the *Motion to Dismiss* (Dkt. No. 41), Core contends that because a "[c]omplaint need only contain a 'short

4

and plain statement of the claim showing that the pleader is entitled to relief,'" *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)), the allegations in its *Amended Counterclaims* are sufficient to survive a motion to dismiss. In response, Verizon maintains that after *Twombly* and *Iqbal*, such a "short and plain statement" is no longer sufficient.

It is correct that *Twombly* and *Iqbal* "are universally recognized as having modified the basic pleading standard in all federal civil cases," *American Fed'n of State, Cty. & Mun. Emps. Local 2401 v. District of Columbia*, 796 F. Supp. 2d 136, 139 (D.D.C. 2011), and that "whether a particular complaint sufficiently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded." *Iqbal*, 556 U.S. at 673. However, Verizon goes too far. Shortly after *Twombly*, the Supreme Court reiterated in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." (Ellipsis in original) (quoting *Twombly*, 550 U.S. at 555). And after *Iqbal*, several circuits, including the D.C. Circuit, have continued to view *Erickson* as good law. *See Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citing *Erickson*); *Mirkin v. XOOM Energy, LLC*, 931 F.3d 173, 176-77 (2d

Cir. 2019) (same); *United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047, 1049 (8th Cir. 2019) (same); *Foster v. Principal Life Ins. Co.*, 806 F.3d 967 (7th Cir. 2015) (same); *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (same).  Accordingly, taking the factual allegations in the *Amended Counterclaims* as true, I conclude that the factual allegations in Counts I and II are sufficient to state a claim for relief.  Core's *Amended Counterclaims* allege: (1) that Core provides access services, operating under filed tariffs (¶¶ 21, 24-28); (2) that Core provided access services to Verizon under those tariffs (¶¶ 29-30); and (3) that Core billed Verizon for services provided under its tariffs at rates listed in those same tariffs (¶¶ 39-41).  While Core's Exhibit C is only a summary of the invoices it allegedly provided to Verizon, the *Amended Counterclaims* (¶ 41) specifically aver that the invoices in question "set forth the volume of call traffic underlying each invoice calculation, along with all of the interstate and intrastate rate elements that apply to those volumes for purposes of calculating the final invoice amount."  These allegations contain sufficent "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" as required by *Twombly* and *Iqbal*.  Because "courts are not licensed to impose heightened pleading requirements in certain classes of cases simply to avoid the risk

6

that unsubstantiated claims will burden the courts and opposing parties," *$579,475.00 in U.S. Currency*, 917 F.3d at 1049 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 514-15 (2002)), Core's *Amended Counterclaims* suffice to put Verizon on notice of the counterclaims that Core advances.  Dismissal of these counts for failure to state a claim is therefore inappropriate.

III

EQUITABLE RELIEF (COUNTS III, IV, AND V)

Verizon's *Motion to Dismiss* requests dismissal of Counts III, IV, and V with prejudice, arguing that Core's claims are barred as a matter of law by the filed rate doctrine.  *See Am. Tel. & Tel. Co. v. Cent. Office Tel., Inc.*, 524 U.S. 214, 222 (1998) (applying the filed rate doctrine to section 203 of the Communications Act, 47 U.S.C.).  "When the filed rate doctrine applies, it generally precludes a regulated party from obtaining any compensation under other principles of federal or state law that is different than the filed rate." *CallerID4u, Inc. v. MCI Commc'ns Servs., Inc.*, 880 F.3d 1048, 1053 (9th Cir. 2018) (citing *Keogh v. Chicago & N.W. Ry. Co.*, 260 U.S. 156, 163 (1922)).  The FCC's current permissive de-tariffing policy provides two means by which a "competitive local exchange carrier" (LECs other than certain incumbent LECs) can provide an IXC with and charge for interstate access services: the filed tariff or a privately negotiated contract.  *See All Am. Tel. Co.*

7

*v. AT&T Corp.*, 328 F. Supp. 3d 342, 349 (S.D.N.Y. 2018). Verizon thus argues that Count III, which merely attempts to construe Verizon's "acceptance" of its "offer" of services, which were subject to existing tariff rates, as a contract, and Counts IV and V, which seek equitable remedies, are preempted by the filed rate doctrine.

In response to Verizon's request to dismiss Counts III, IV, and V, Core states that these counts "were alleged in the alternative and in the event that Counts I or II were not viable," and that it does not oppose the dismissal of these counts "provided that the dismissal of these Counts is without prejudice." The court may consider as conceded Verizon's arguments in support of dismissal, under Fed. R. Civ. P. 12(b)(6), of Counts III, IV, and V. *See Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015); *Jacobson v. Hofgard*, 168 F. Supp. 3d 187, 208 (D.D.C. 2016); *Toms v. Office of the Architect of the Capitol*, 650 F. Supp. 2d 11, 18 (D.D.C. 2009). *See also Gates v. United States*, 928 F. Supp. 2d 63, 69-70 (D.D.C. 2013) (dismissing negligence claim with prejudice when the plaintiff's opposition did not address the arguments in the defendant's motion to dismiss). Dismissal of Counts III, IV, and V is thus warranted.

Verizon requests that Counts III, IV, and V be dismissed with prejudice. "A dismissal with prejudice is warranted only

when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotation marks and citations omitted).  In its opposition to the *Motion to Dismiss*, Core offered no rebuttal of Verizon's argument that these claims fail as a matter of law and provided no explanation as to how amendment of these counts would make them viable.

In opposing Verizon's request for dismissal with prejudice, Core requests that the dismissal be without prejudice and that it be granted leave to amend its Amended Counterclaims.  Pursuant to Fed. R. Civ. P. 15(a)(2), a court may grant leave to amend a pleading and "should freely give leave when justice so requires." However, Core has not set forth reasons why justice requires that it be allowed to amend Counts IV, V, and VI.

Under LBR 7015-1, incorporating DCt.LCvR 15.1, a motion for leave to file an amended pleading must be accompanied by an original of the proposed pleading as amended.  If Core's opposition to the motion to dismiss is treated as a motion for leave to amend, Core did not comply with that obligation.  Core implicitly has conceded that Counts IV, V, and VI, as currently written, must be dismissed, and has not explained what amendments it would make to cure the deficiencies in Counts IV, V, and VI identified by Verizon if allowed to amend those counts, and why

such amendments would not be a futile attempt to state valid claims.[1]  A district court may deny a motion to amend 'if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss.'" *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  Accordingly, I will deny the request for leave to amend Counts IV, V, and VI, and will dismiss those counts.

However, I will not make that dismissal a final and appealable order under Fed. R. Civ. P. 54(b): that would potentially result in unwarranted piecemeal appeals.  Under Rule 54(b), as a non-final order, the order dismissing Counts IV, V, and VI "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  In other words, the dismissal will become a dismissal with prejudice once, and only once, all claims are

---

[1]  That stands in contrast to how Core responded, in part VI of its memorandum in support of its opposition to Verizon's motion to dismiss, to the request for dismissal of Counts I and II with prejudice.  Core had already argued that the *Amended Counterclaims*' Exhibit C was intended to be a summary of the invoices for which payment is due, and that it was not required to append all of the invoices to its pleading.  If the court concluded that Exhibit C did *not* provide sufficient detail, an amendment to provide further adequate detail regarding Counts I and II would obviously not be futile.  Core thus noted as to Counts I and II that Verizon does not "contend (because it cannot) that Core's further amendment of its Counterclaims would be futile, in bad faith, or prejudicial to Verizon[.]"

10

adjudicated in this adversary proceeding.  It is not necessary to recite at this juncture, as requested by Verizon, that the dismissal is with prejudice.  Theoretically, Core might file a motion in which it shows (based on, for example, a change in the law or facts not yet disclosed) that justice requires that it be allowed to amend Counts IV, V, and VI.

IV

DECLARATORY RELIEF (COUNT VI)

Finally, Count VI seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, with respect to Verizon's "refusal to pay the charges under Core's Tariffs for the use of Core's access services."  Verizon argues that Count VI must dismissed for three reasons: (1) the court lacks jurisdiction if the court dismisses Count I (the only claim based on federal law); (2) Count VI is duplicative of other counts and must be dismissed on the same bases as those counts or is superfluous with respect to those counts that are not dismissed; and (3) Court VI seeks a remedy only for past acts, but "the Declaratory Judgment Act does not authorize remedies for past injuries alone."  *Hodgkins v. Holder*, 677 F. Supp. 2d 202, 203 (D.D.C. 2010).  In its opposition to the *Motion to Dismiss*, Core concedes that declaratory relief is unavailable as to ongoing injuries premised on claims that the court dismisses.

The Declaratory Judgment Act provides in § 2201(a) that in

11

"a case of actual controversy within its jurisdiction," any court of the United States "may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought."  The District Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) regardless of whether the claims asserted arise under federal or state law, and thus has authority under § 2201(a) to grant a declaratory judgment as both the federal and state law claims.[2]  In turn, that jurisdiction is exercised by this court as a unit of the District Court under 28 U.S.C. § 151 by way of referral under 28

---

[2] Section 2201(a) specifically addresses the issue of declaratory judgments in "a proceeding under section 505 or 1146 of title 11," thus evidencing that the District Court has subject matter jurisdiction to grant declaratory judgment relief in proceedings such as this under other provisions of title 11 brought to enhance the estate.  "The corollary to the specification [in the] Declaratory Judgment Act of two title 11 provisions is that other Bankruptcy Code issues are within the ambit of the Declaratory Judgment Act. *See* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 57.25[1][b] (2018)." *Dragnea v. Dragnea (In re Dragnea)*, 609 B.R. 239, 257 (Bankr. E.D. Cal. 2019) (footnote omitted).

U.S.C. § 157.[3]  Whatever surviving counts Count VI relates to, the court has subject matter jurisdiction over Count VI.

I am not dismissing Counts I and II, and the court retains jurisdiction as to Count VI to the extent it is premised on Counts I and II.  However, the court agrees with Verizon that Count VI must be dismissed to the extent that Core seeks declaratory relief thereunder on bases set forth in Counts III, IV, and V.

The only remaining question is whether Count VI properly alleges "ongoing and repeated" injuries which are consequently not duplicative of the past injuries alleged in Counts I and II. Verizon highlights Core's use of the present perfect tense in ¶ 109 ("Core has lawfully charged MCI and Verizon . . .") and ¶ 110 ("MCI and Verizon have violated . . .") and argues that Core alleges only past failures to pay, which are not a basis for relief under the Declaratory Judgment Act.  I reject this argument:

---

[3] The District Court is a court of the United States. Although the bankruptcy court is not listed in 28 U.S.C. § 451 as a court of the United States, it exercises the jurisdiction of the District Court.  *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008) (the bankruptcy court "is a unit of the district court, which is a 'court of the United States,' and thus the bankruptcy court comes within the scope of § 451."); *Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326 (9th Cir. 1986) (cases falling within district court's jurisdiction under § 1334(b) are delegated to the bankruptcy court which thus has jurisdiction over any declaratory judgment request coming within § 1334(b)); *In re McGuirl*, No. 90-00141, 2001 WL 1798478, at *1 (Bankr. D.D.C. Nov. 30, 2001) (same).

> The present perfect tense—"has been"—"denotes an act, state, or condition that is now completed or continues up to the present." Chicago Manual of Style § 5.132 (17th ed. 2017); *see also* Bryan A. Garner, Modern American Usage 802-03 (3d ed. 2009); *McManus v. McManus Fin. Consultants, Inc.*, No. 10-cv-0281, 2010 WL 4290866, at *3 (D.Nev. Oct. 20, 2010) ("The perfect tense in the English language indicates a completed action, regardless of the continuing vitality of the action. For example, 'I have been to London' says nothing of whether I am still in London today.").

*Colon v. Ashby*, 314 F. Supp. 3d 116, 121 (D.D.C. 2018). Moreover, other paragraphs of the Amended Counterclaims "render[] this question purely academic," *U.S. v. Louisiana*, Civil Action No. 11-470-JJB, 2011 WL 6012992, at *2 (M.D.La. Dec. 1, 2011), because the *Amended Counterclaims* allege "[a] present, actionable, and justiciable controversy" and "ongoing and repeated practices" (¶¶ 104 and 105). Specifically, ¶ 111 of the *Amended Counterclaims* explicitly seeks a declaratory judgment that Verizon is "obligated to make *timely* payment of all of these charges, which includes all the charges for access services Core rendered to MCI and Verizon along with late payment changes, *as they become due*" (emphasis added). It is therefore inappropriate to interpret the present perfect tense in ¶¶ 109-110 as limited to past injuries. In seeking a declaratory judgment regarding ongoing and repeated practices, Count VI is not duplicative of the claims to recover damages in Counts I and II. Accordingly, the court will not dismiss Count VI insofar as it seeks declaratory relief with respect to Verizon's alleged ongoing

failure to pay charges arising from Core's filed tariffs as asserted in Counts I and II.

V

CONCLUSION

For the foregoing reasons, I will grant the *Motion to Dismiss* as to Counts III, IV, and V, and as to Count VI to the extent that Core seeks declaratory relief in Count VI on bases set forth in Counts III, IV, and V. These dismissals are without leave to amend at this juncture. I will deny the *Motion to Dismiss* as to Counts I and II, and as to Count VI (to the extent that Core seeks declaratory relief as to ongoing injuries arising from Verizon's alleged failure to pay charges under Core's filed tariffs). It is thus

ORDERED that Verizon's *Motion to Dismiss Amended Counterclaims* (Dkt. No. 40) is granted in part as follows. It is further

ORDERED that Counts III, IV, and V of the *Amended Counterclaims* are dismissed; and that Count VI is dismissed as to any request for declaratory relief other than for injuries arising from Verizon's alleged breach of Core's tariffs. It is further

ORDERED that the *Motion to Dismiss Amended Counterclaims* to dismiss is otherwise DENIED.

[Signed and dated above.]

Copies to: All counsel of record; e-recipients.

16